UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SAMUEL L. THURMAN,

      Petitioner,

v.

Ms. M. CRUZ, Warden,

      Respondent.

Civil No. 08-4835 (JNE/JSM)

**REPORT AND
RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241.  The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is an inmate at the Federal Prison Camp in Duluth, Minnesota, ("FPC-Duluth), serving a 30-month federal prison sentence.  (Petition, [Docket No. 1], Addendum 4A, "Statement of Facts," p. 1.)  He is not presently challenging the validity of the conviction or sentence for which he is currently incarcerated.  Instead, he is challenging a decision by

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

the federal Bureau of Prisons, ("BOP"), regarding the date when he should be transferred to a "Residential Re-entry Center," (sometimes referred to as an "RRC" or "half-way house").

Petitioner's projected release date is June 16, 2009.  (Petition, Addendum, "Review for Residential Reentry Center.")  The BOP has determined that Petitioner should be placed in an RRC for the last 150 to 180 days, (i.e., the last five or six months), of his sentence, (id.), which means that he probably will be transferred to an RRC in December 2008 or January 2009.  However, Petitioner disagrees with the BOP's RRC decision.  He contends that the BOP has not properly considered how hard it will be for him to find a job and a new home after he is finally released from custody.  He further contends that, given his criminal history, plus his financial obligations and responsibilities, 150 to 180 days at an RRC is insufficient.  Petitioner claims that he "need[s] more time to find a job and get [his] children in order," and that he should be transferred to an RRC on September 16, 2008 – i.e., nine months before his projected release date, instead of five or six months.   (Petition, Addendum 4A, "Statement of Facts," pp. 1, 3.)

Petitioner concedes that he is still pursuing administrative relief under the appeal procedures provided by the BOP.  (Id., p. 3.)  For now, however, the Court will overlook Petitioner's failure to exhaust his administrative remedies, because it is clear that, in any event, his current habeas corpus petition must be dismissed, for the reasons discussed below.

## II.    DISCUSSION

RRC assignments are governed by 18 U.S.C. § 3624(c)(1), which provides that:

> "The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.   Such conditions may include a community correctional facility."

This statute was recently amended by the "Second Chance Act of 2007."   The amended statute, (quoted above), became effective on April 9, 2008.

The amended statute requires the BOP to issue new regulations designed to ensure that RRC assignments are "(A) conducted in a manner consistent with section 3621(b) of this title;[2] (B) determined on an individual basis; and (C) of sufficient duration to provide the

---

[2] 18 U.S.C. § 3621(b) provides that:

"The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence--
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or

greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6).

As far as the Court can tell, the BOP has not yet formally adopted the regulations required

by the statute.[3]

However, the statute itself clearly indicates, on its face, that the BOP is to determine

"on an individual basis" how much time (if any) each federal prisoner should spend in an

RRC.  The statute sets a maximum amount of time that a prisoner can spend at an RRC,

(not more than twelve months), but the statute does not set any minimum amount of time

that a prisoner must spend at an RRC.

In this case, Petitioner claims that the BOP has erroneously decided to send him to

an RRC for only the last five to six months before his release date.  According to Petitioner,

he should be sent to an RRC nine months before his release date.  This argument must be

rejected, because Petitioner has offered no legal basis to uphold it.  Petitioner has not

shown, (or even suggested), that the process used to determine his RRC transfer date

violates any statute, regulation or constitutional principle.  He simply disagrees with the

ultimate conclusion reached by the BOP.

---

economic status.  The Bureau may at any time, having regard for the same
matters, direct the transfer of a prisoner from one penal or correctional facility
to another....

[3] According to a recent decision by the Eighth Circuit Court of Appeals, "[i]n reaction
to this statute, [i.e., the amended § 3624(c)], and the new 12-month maximum [RRC]
placement, the BOP issued guidance directing that 'inmates must now be reviewed for
pre-release RRC placements 17-19 months before their projected release dates.'" Miller
v. Whitehead, 527 F.3d 752, 756 (8th Cir. 2008).  This suggests that the BOP has, perhaps,
provided some interim "guidance" to federal prison authorities, pending the issuance of the
formal regulations mandated by § 3624(c)(6).

In a "Response To Inmate Request To Staff," dated May 15, 2008, (Petition, Addendum), the Warden at FPC-Duluth confirmed that the BOP reconsidered the circumstances pertinent to Petitioner's individual RRC transfer date, in light of the criteria prescribed by the Second Chance Act of 2007. Thus, it appears from Petitioner's own submissions that the BOP considered his individual circumstances, and selected an RRC transfer date that was deemed best for his particular situation. That is precisely what the applicable law requires the BOP to do. Petitioner obviously believes that the BOP misjudged his circumstances and his needs, but he has not identified any legal error in the BOP's decision-making process.

Petitioner alleges that the BOP misstated the date when he arrived at FPC-Duluth in at least one BOP document pertaining to his RRC assignment.[4] However, that alleged error, by itself, adds nothing of consequence to Petitioner's claim. Petitioner is not entitled to a writ of habeas corpus granting him an expedited RRC assignment, simply because a BOP official allegedly misstated the date when he arrived at a particular prison.

Petitioner might have some good practical reasons for disagreeing with the BOP's decision about when he should be assigned to an RRC. However, Petitioner has not identified anything illegal about the process by which the BOP determined his RRC assignment date, which could warrant judicial intervention. Therefore, the Court will recommend that Petitioner's current habeas corpus petition be summarily denied, and that this case be dismissed with prejudice.

---

[4] A document entitled "BP-229 RESPONSE," (Petition, Addendum), indicates that Petitioner "arrived at FPC Duluth on June 11, 2002," but Petitioner claims he arrived at FPC-Duluth on March 25, 2008. (Petition, Addendum 4A, p. 1.)

## III.      RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DENIED; and

2.  This action be summarily DISMISSED WITH PREJUDICE.

Dated:        September 9, 2008

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by September 26, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.